UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BROUSSARD** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 22-890** |
| **GULF OFFSHORE LOGISTICS, LLC, ET AL.** | * | **SECTION "L" (3)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand. R. Doc. 16. Defendants filed a memorandum in opposition. R. Doc. 21. Having considered the briefing and the applicable law, the Court now rules as follows.

### I.   BACKGROUND

This case arises out of alleged injuries sustained by Plaintiff Toby Broussard while employed as an instrument technician by W-Industries LLC and working on Ship Shoal rig 209 G platform ("SS-209G"). R. Doc. 1-2. The SS-209G is a fixed platform located on the Outer Continental Shelf ("OCS") off the coast of Louisiana. It was allegedly owned by Cox Oil LLC, Cox Oil GOM LLC, Cox Operating LLC, and Cox Offshore LLC (collectively, "Cox"). *Id.* at 4. On February 15, 2019, Plaintiff was allegedly injured while attempting a swing rope transfer from the SS-209G to the DOMINIC S. *Id.* at 4-5. The DOMINIC S is a utility vessel allegedly owned by Gulf Offshore Logistics LLC, Gulf Offshore Logistics Holdings LLC, and REC Marine Logistics LLC, (collectively, "Gulf"). *Id.* at 4. As a result of the accident, Plaintiff allegedly sustained permanent injuries, including amputation of his left leg. *Id.* at 6.

Plaintiff sued Cox, Gulf, and two Gulf employees, Darrin Dardar and William Bryant (collectively, "Defendants"), asserting negligence for, inter alia, having Plaintiff "perform the shift change at an unsafe time (while the waters were unstable during high winds)." *Id.* at 7.

1

Plaintiff seeks damages for lost wages, medical expenses, mental anguish, and permanent physical disability. *Id.*

The case was filed in the 17th Judicial District Court for the Parish of Lafourche in February 2022, R. Doc. 1-2, and was removed by Defendants on April 4, 2022, based on federal question jurisdiction. R. Doc. 1. Defendants contend that the Outer Continental Shelf Lands Act ("OCSLA") provides federal question jurisdiction. R. Doc. 1 at 2. Plaintiff has filed a motion to remand to state court, arguing that removal is improper because he asserts claims solely under general maritime law and not under the OCSLA. R. Doc. 16-1 at 1. However, Defendants assert that because the accident giving rise to Plaintiff's claims undisputedly occurred on a platform located on the OCS, the claims fall within the scope of the OCSLA, which consequently mandates federal jurisdiction. R. Doc. 21.

## II.     APPLICABLE LAW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, this Court "may not exercise that jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A defendant may remove a civil action filed in a state court if a federal court would have had original jurisdiction over the issue, including any issue that arises under federal law. 28 U.S.C. § 1441(a) and § 1331.

The OCSLA establishes that federal law applies to drilling rigs located on the OCS. *Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 355 (1969). State law is applied only to fill gaps in federal law and only to the extent it is applicable and not inconsistent with other federal law. *Id.* at 357; *see also Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881, 1886 (2019) (holding that state law is not adopted as surrogate federal law on the OCS where federal

law addresses the issue at hand). Indeed, the OCSLA states, in part, that "[t]he Constitution and laws and civil and political jurisdiction of the United States are extended" to the OCS. 43 U.S.C. § 1331(a)(1)(A). Further, the OCSLA provides that "district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with [] any operation conducted on" the OCS. 43 U.S.C. § 1349(b)(1).

The Fifth Circuit has held that, because the OCSLA expressly vests jurisdiction in the district courts, "[a] plaintiff does not need to expressly invoke OCSLA in order for it to apply." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013) (citing *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988)). Rather, the Fifth Circuit applies a "but-for" test to determine whether a cause of action arises under OCSLA, asking whether: "(1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for this employment." *Barker*, 713 F.3d at 213. When these requirements are met, the OCSLA jurisdictional grant applies, and removal to federal court under 28 U.S.C. § 1441(a) is proper. *Id*. Moreover, the Fifth Circuit has held that application of maritime law "does not displace OCSLA's grant of federal question jurisdiction." *Id.*

### III. DISCUSSION

The Court finds that federal question jurisdiction exists because Plaintiff's cause of action arises under OCSLA. Applying the Fifth Circuit's "but-for" test, the Court finds that all three requirements are met. First, Plaintiff was working on the SS209G, which was a fixed platform on the OCS. R. Doc 1 at 3; R. Doc. 1-2 at 4. Second, Plaintiff was employed as an instrument technician to further Cox's mineral development on the OCS. R. Doc. 1-2 at 4. Third, but for the

aforementioned employment, Plaintiff would not have been involved in the incident forming the basis of this suit. *Id.* at 5, 6. Therefore, this action arises under the OCSLA.

Accordingly, the Court has federal question jurisdiction over Plaintiff's claims, pursuant to 43 U.S.C. § 1349(b)(1), and removal was proper under 28 U.S.C. § 1441(a).

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 16, is **DENIED.**

New Orleans, Louisiana, this 23rd day of June, 2022.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE

4