UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BROUSSARD** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 22-890** |
| **GULF OFFSHORE LOGISTICS, LLC, ET AL.** | * | **SECTION "L" (3)** |

## ORDER AND REASONS

Having determined that its previous order was issued in error, the Court hereby **WITHDRAWS** its order at R. Doc. 82 and issues the following order and reasons in its place.

Before the Court on reconsideration are Defendants' Motions for Summary Judgment, R. Docs. 35; 36. Plaintiff has responded in opposition to each, R. Docs. 50; 51. Having considered the parties' arguments and the applicable law, the Court rules as follows.

### I. BACKGROUND

This case arises out of alleged injuries sustained by Plaintiff Toby Broussard while employed as an instrument technician by W-Industries LLC and working on Ship Shoal rig 209 G platform ("SS-209G"). R. Doc. 1-2. The SS-209G is a fixed platform located on the Outer Continental Shelf ("OCS") off the coast of Louisiana. It was allegedly owned by Cox Oil LLC, Cox Oil GOM LLC, Cox Operating LLC, and Cox Offshore LLC (collectively, "Cox"). *Id.* at 4. On February 15, 2019, Plaintiff was allegedly injured while attempting a swing rope transfer from the SS-209G to the DOMINIC S. *Id.* at 4-5. The DOMINIC S is a utility vessel allegedly owned by Gulf Offshore Logistics LLC, Gulf Offshore Logistics Holdings LLC, and REC Marine Logistics LLC, (collectively, "Gulf"). *Id.* at 4. As a result of the accident, Plaintiff allegedly sustained permanent injuries, including amputation of his left leg. *Id.* at 6.

Plaintiff sued Cox, Gulf, and two Gulf employees, Darrin Dardar and William Bryant (collectively, "Defendants"), asserting negligence for, *inter alia*, having Plaintiff "perform the shift change at an unsafe time (while the waters were unstable during high winds)." *Id.* at 7. Plaintiff seeks damages for lost wages, medical expenses, mental anguish, and permanent physical disability. *Id.*

Defendants moved for summary judgment, arguing, *inter alia*, that Plaintiff failed to raise any genuine issue of material fact as to the fault of Defendants in this matter. R. Doc. 36 at 8–13. Plaintiff failed to timely respond to the motions for summary judgment. Accordingly, finding the motions to be both meritorious and unopposed, the Court granted summary judgment to Defendants. R. Doc. 43.

Subsequently, Plaintiff moved this Court for reconsideration of its order granting summary judgment, R. Doc. 47, and this Court granted Plaintiff leave to file late memoranda in opposition to Defendants' motions for summary judgment. R Docs. 50; 51.

## II.  PRESENT MOTION

The Court now considers Plaintiff's motion for reconsideration. Defendants oppose the motion, pointing out that a "motion to alter or amend a judgment serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Harris v. BP Expl. & Prod., Inc.*, 2022 WL 16851174, at *2 (E.D. La. Nov. 10, 2022) (internal citations omitted). Accordingly, "[s]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Here, they argue, Plaintiff has not even alleged any of the criteria which may support the grant of a motion for reconsideration under Federal Rule of Civil Procedure 59(e): (1) any manifest errors of law or fact; (2) the existence of any newly discovered or previously

unavailable evidence; (3) manifest injustice; or (4) an intervening change in law.[1] *Id.* However, the Court previously granted Defendants motions for summary judgment as unopposed, without explaining its substantive reasoning, the Court declines to deny Plaintiff's motion for reconsideration on that ground, and will instead proceed into a substantive analysis of the parties summary judgment arguments.

### III. APPLICABLE LAW

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir.

---

[1] Plaintiff purports to bring his motion for reconsideration under Federal Rule of Civil Procedure 60(b)(1). R. Doc. 47. However, as Defendants point out, Plaintiff's motion must properly be decided as a motion to alter or amend a judgement under Rule 59(e), as the request was made within 28 days of the entry of summary judgment. See *Davis v. Mid State Homes*, 2019 WL 2621808, at *1 (W.D. La. June 25, 2019) (holding that "a motion for relief from judgment is analyzed under Rule 59(e) if it is filed within 28 days of the entry of judgment; otherwise, it is analyzed under Rule 60(b)").

2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

## IV. DISCUSSION

To establish maritime negligence, a plaintiff must "demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (citing *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991). *Inter alia*, the parties contest whether Plaintiff has raised a genuine issue of material fact as to whether there was a breach of any duty owed to Plaintiff by Defendants.

Where, as here, the dispositive summary judgment issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may meet its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The nonmoving party must then, by submitting or referring to evidence, set out specific facts showing that a genuine issue for trial exists. *See id.* at 324.

The parties do not contest that a vessel owner has a duty to provide a seaworthy vessel, including providing a reasonably safe means of ingress or egress. *Moore v. Philips Petroleum Co.*, 912 F.2d 789 (5th Cir. 1990). However, Defendants argue that Plaintiff has presented no

evidence of breach of this duty by Defendant in this matter. In response, Plaintiff asserts that he has adequately pleaded that Defendants "breached their duty with respect to safe ingress and egress to the vessel because they proceeded with a rope swing transfer despite deteriorating sea conditions." R. Doc. 51 at 6. Plaintiff argues that Defendants had a duty to stop Plaintiff from attempting the rope swing transfer because "the seas were higher and stronger than initially identified" in the briefing for the project and because Captain Dardar had to make "several attempts to back the vessel up to the platform" for Plaintiff to attempt to board. *Id.* at 5–6.

Other courts have held that defendant vessel interests did not breach any duty to a plaintiff under similar circumstances. For example, in *Hardy v. Wood Group PSN, Inc.*, the plaintiff was injured during a basket transfer from a fixed platform to a vessel when the vessel "rose upward on the crest of a wave" causing the basket to impact with the deck. 2014 WL 1652530, at *2 (W.D. La. Apr. 24, 2014). There, the court explained that there had been no breach of duty because "a vessel is unable to control its vertical movement[,]" and "any upward movement by the vessel is ordinary, expected, and not the result of vessel negligence." *Id*. Similarly, in *Counts v. Lafayette Crewboats, Inc.*, the court determined that the vessel owner was not liable to a plaintiff who had been injured while attempting to board a vessel via a swing rope. 622 F. Supp. 299, 299 (W.D. La. 1983). There, the court concluded that the plaintiff had been injured through his own negligence in "(1) attempting to board the [vessel] before it was sufficiently close to the platform (2) not timing his step to coincide with the boat's movement up (3) not utilizing the swing rope so that he could swing back if the boat's movements were not conducive to boarding and/or (4) not requesting assistance if any was needed." *Id.* at 301. It emphasized that these conclusions were "particularly warranted when considering that [the

platform owner] had instructed plaintiff in the applicable procedures," and that the plaintiff "had boarded crew boats many times in the past." *Id.*

Plaintiff urges that this case is different because changes in weather and sea conditions and Captain Dardar's difficulty positioning the vessel for boarding created a duty for Defendants to stop Plaintiff from attempting the swing rope transfer. The Court disagrees. Plaintiff has presented no evidence that weather conditions played a role in his accident, in fact admitting in his deposition that he felt that it was safe to conduct the swing rope transfer at the time and that the weather was nice, and the seas were calm. R. Doc. 36-6 at 169; 175; 181. When asked whether there was anything unsafe about the weather or the seas when he performed the swing rope transfer, Plaintiff answered "[n]ot at all." Cox's Lead Operator Joshua Cook, a witness to the accident, and Captain Dardar also testified that the wind and sea conditions were "calm[,]" "normal[,]" and that there was nothing unsafe or concerning about said conditions on of the day of Plaintiff's incident or at the time Plaintiff performed the swing rope transfer. R. Doc. 36-7; R. Doc. 36-8. In fact, Cook himself had successfully and safely completed the same rope swing transfer that Plaintiff attempted only moments before Plaintiff's attempt. R. Doc. 36-6 at 175; R. Doc. 36-7 at 13.

Similarly, presuming, as we must at the summary judgment stage, that Plaintiff's assertion that Captain Dardar had to make several attempts to properly situate the vessel for boarding is true, this is irrelevant as long as the vessel was properly situated when Plaintiff attempted the swing rope transfer. Again, Plaintiff himself testified that the vessel was "in a good spot" at that "everything was normal" at the that time. R. Doc. 36-6 at 198–199. Plaintiff denied that the vessel was having any trouble holding its position before his swing. *Id.* at 202–203.

Cook and Captain Dardar similarly confirmed that the vessel was steady and well positioned. R. Doc. 36-7 at 60; R. Doc. 36-8 at 41; 46.

Plaintiff presents no evidence that his accident was caused by any act or omission by Defendants, or anything other than the "vertical movement" of the vessel, which "is ordinary, expected, and not the result of vessel negligence." *Hardy*, 2014 WL 1652530, at *2. Plaintiff is an experienced seaman who was testified that he was "adequately trained . . . on swing rope transfers" and that he had done them "hundreds of times before." R. Doc. 36-6 at 283–284. Arguably, then, Plaintiff himself was negligent in "not timing his step to coincide with the boat's movement[,]" *Counts*, 622 F. Supp. at 301, failing to hold on to the rope so that he could swing back if the boat's movements were not conducive to boarding, as he had been instructed, and not requesting assistance he needed it. *Id.*

Plaintiff has presented no evidence that weather conditions or Captain Dardar's difficulty positioning the vessel for boarding caused his accident. Accordingly, Plaintiff has failed to raise any genuine issue of material fact as to whether Defendants breached any duty to Plaintiff by failing to prevent him from attempting the swing rope transfer. Having so held, the Court finds that summary judgment in favor of Defendants is appropriate, and therefore declines to address the remainder of the parties' arguments.

V. **CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment, R. Docs. 36, is **GRANTED.** Accordingly, Defendant's other motion for summary judgment, R. Doc. 35, pending Motion to Strike the report of Plaintiff's expert witness, R. Doc. 57, and motion to expedite consideration of that motion, R. Doc. 58, are hereby **DENIED AS MOOT**.

New Orleans, Louisiana, this 18th day of April, 2023.

_____
UNITED STATES DISTRICT JUDGE